WAYS & MEANS, INC., a corporation;
and Labcon, Inc., a corporation,
Plaintiffs–Appellants,

v.

IVAC CORPORATION, a corporation,
Defendant–Appellee.

No. 79–4095.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Dec. 9, 1980.

Decided Feb. 2, 1981.

Rehearing and Rehearing En Banc
Denied April 2, 1981.

Jerrold N. Offstein, San Francisco, Cal., argued for plaintiffs–appellants; John H. Boone, Boone & Knudsen, San Francisco, Cal., on brief.

Richard J. Archer, Sullivan, Jones & Archer, San Francisco, Cal., for defendant–appellee.

* Honorable Robert A. Grant, Senior United States District Judge, Northern District of Indi-

Before DUNIWAY and FERGUSON, Circuit Judges, and GRANT,* District Judge.

PER CURIAM:

We are in accord with the opinion of the district court. 1979–2 Trade Cases ¶ 62,734, 506 F.Supp. 697 (N.D.Cal.1981). Ways and Means claims that the district court drew the erroneous conclusion that the cost of the plaintiffs' thermometer covers and IVAC's thermometer was lower than that of the allegedly illegal tie. However, the precision of this conclusion is not determinative of our judgment, and Ways & Means has failed to demonstrate that the figures used by the district court below are incorrect. Moreover, the district court's discussion of the absence of any illegal tying arrangement equally demonstrates that IVAC's behavior was neither an unreasonable restraint of trade nor predatory. *See California Computer Products v. International Business Machines*, 613 F.2d 727, 735–37 (9th Cir. 1979). We express no opinion on the second portion of the district court's opinion concerning Ways & Means' showing on damages.

AFFIRMED.

ana, sitting by designation.